UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY ISAAC,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-06759-JLT-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS (A-Number 064-592-717)<br><br>(Docs. 1, 7)<br><br>**<u>7-Day Objection Period</u>** |

Petitioner Sandy Isaac ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 24, 2026, while in custody of the Immigration and Customs Enforcement ("ICE") at the Central Valley Annex facility. (Doc. 1). Respondents are the unnamed Warden of the Central Valley Annex Detention Facility; Sergio Albarran, the Field Office Director of the ICE San Francisco Field Office; Todd M. Lyons, Acting Director of ICE; Markwayne Mullin, the Secretary of the Department of Homeland Security ("DHS"); and Todd Blanche, the United States Attorney General (collectively, "Respondents"). *Id.* at 1. Petitioner has since been transferred to another ICE detention facility in this district – the Golden State Annex, where he remains detained. *See* (Doc. 8).

For the reasons that follow, the undersigned will recommend that the petition be granted and that Petitioner be released immediately from custody.

## I. Relevant Background

Petitioner is a native and citizen of Cuba who was granted parole on January 30, 2016, and on October 21, 2017, his status was adjusted to lawful permanent resident ("LPR"). (Doc. 7-1 at 3)

Over the approximately 18-month period immediately following his grant of LPR status, Petitioner sustained three criminal convictions: one in October 2017 for aggravated assault; one in February 2018 for battery; one in March 2019 for possession of cocaine. (Doc. 7-1 at 2-3). As of the date of his initial detention by ICE (July 2023), Petitioner has been arrested on criminal charges approximately two dozen times.

On July 11, 2023, ICE encountered Petitioner while he was in the custody of state authorities and issued him a notice to appear, charging him as removable from the United States due to his criminal history. (Doc. 7-2 at 4). On August 8, 2023, Petitioner was ordered removed by an immigration judge, and the order became final that same day when both parties waived appeal. (Doc. 7-3 at 1-2).[1] Respondents assert that Petitioner was released on an order of supervision ("OSUP") on or about September 19, 2023, because removal to Cuba was not then likely in the reasonably foreseeable future. (Doc. 7 at 2); *see* (Doc. 7-4, "Notice of Revocation of Release" noting that OSUP was granted on September 19, 2023).

Petitioner's rap sheet reflects that he sustained additional arrests on criminal charges following his release on OSUP, including: arrests and charges in October 2023 for larceny and petty theft that resulted in a misdemeanor petty theft conviction (*see* Doc. 7-5 at 22-23); arrests throughout 2024 for battery, armed robbery, petty theft, disturbing the peace, and trespassing that resulted in felony convictions for burglary and possession of burglary tools and two separate misdemeanor trespassing and disturbing the peace convictions (*id.* at 23-32); in 2025, a misdemeanor trespassing conviction (*id.* at 35); and in February 2026, a misdemeanor petty theft

---

[1] Publicly available information confirms the pendency of Petitioner's final order of removal. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 30, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co.*, 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

conviction (*id.* at 38-39).

On February 22, 2026, ICE revoked Petitioner's OSUP for the following stated reason: "You violated a condition of your release. Specifically, you were convicted of multiple Larceny and Burglary convictions. You were arrested for a bench warrant (Larceny)." (Doc. 7-4). The notice of revocation of release further stated that "there is a significant likelihood of removal in the reasonably foreseeable future" and explained that ICE was "seeking a travel document to effect your expeditious removal to Cuba or a third country that will accept you." *Id.* at 2-3. The notice reflects that it was served upon Petitioner on February 23, 2026, and that he refused to sign. *Id.* at 4.

## II. Governing Authority

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that custody is in violation of the U.S. Constitution or federal law. 28 U.S.C. § 2241(c)(3).

## III. Discussion

There is no dispute that Petitioner was ordered removed by an immigration judge on August 8, 2023, and because neither Petitioner nor the government appealed, that order of removal became administratively final effective September 7, 2023. *See* (Docs. 1, 7); 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c). Although Petitioner then became subject to a 90-day removal period, Respondents released Petitioner on an OSUP on September 19, 2023. Immigration authorities revoked Petitioner's release on February 22, 2026, and he has remained in continuous immigration detention. The "Notice of Revocation of Release" was served on Petitioner the following day and, in it, the government invokes two grounds for revocation: (1) Petitioner's violation of conditions

of release (through criminal convictions); and (2) changed circumstances "such that there is a significant likelihood of removal in the reasonably foreseeable future." (Doc. 7-4 at 1).

**A. Petitioner's Violation of Terms of Supervision Does Not Permit Continued Detention**

Immigration authorities properly may revoke the release of a noncitizen subject to a final order of removal if he violates any of the conditions of his release. *See* 8 C.F.R. § 241.13(i)(1). However, the implementing regulation provides that, when release is revoked because of a violation of supervision terms, the noncitizen "may be continued in detention for an additional six months in order to effect the alien's removal." *Id.* "The plain language of the regulation indicates that the continued detention of a noncitizen who violates the conditions of their release is authorized only for an additional six months." *Tran v. Warden*, No. 1:26-cv-04098-DAD-CKD (HC), 2026 WL 2099295, at *3 (E.D. Cal. July 21, 2026). "Given that Petitioner has been detained for over six months, 'his criminal history does not automatically justify his present detention,'" and, thus, his continued detention is no longer authorized by 8 C.F.R. § 241.13(i)(1). *Concepcion v. Warden*, No. 1:26-cv-07969-JLT-SAB-HC, 2026 WL 3217080, at *3 (E.D. Cal. Oct. 27, 2026) (quoting *Pedro V.L. v. Warden*, No. 1:26-cv-05261-JLT-EGC (HC), 2026 WL 2607611, at *1 (E.D. Cal. Sept. 3, 2026) (finding continued detention for more than eight months not authorized by § 241.13(i)(1)).

Consistent with the authorities noted above, although Petitioner's release permissibly may have been revoked considering his alleged violation of terms of supervision, the undersigned will recommend finding that Petitioner's continued detention is no longer authorized pursuant to 8 C.F.R. § 241.13(i)(1).

**B. Respondents Fail to Demonstrate Removal is Likely in the Foreseeable Future**

Immigration authorities properly may revoke the release of a noncitizen subject to a final order of removal if, "on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Courts in this district universally find that when immigration authorities revoke a noncitizen's post-removal-order-release to facilitate removal, they bear the burden of showing a

significant likelihood that the noncitizen may be removed in the reasonably foreseeable future. *E.g.*, *Yan-Ling X. v. Lyons*, 813 F. Supp 3d 1157, 1162-63 (E.D. Cal. 2025); *Concepcion*, 2026 WL 3217080, at *3-4; *Mijares v. Warden*, No. 1:26-cv-05948 DC CSK, 2026 WL 3168157, at 3 (E.D. Cal. Oct. 22, 2026); *Ramos v. Warden*, No. 1:26-cv-07858-KES-EPG-HC, 2026 WL 3136256, at *3 (E.D. Cal. Oct. 20, 2026).

Respondents fail to demonstrate that there is a significant likelihood Petitioner's removal will occur in the reasonably foreseeable future. On the date Petitioner's OSUP was revoked – more than eight months ago – ICE asserted that "circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future, ICE is seeking a travel document to effect your expeditious removal to Cuba or a third country that will accept you." (Doc. 7-4 at 1-2). But more than eight months later, Petitioner remains detained and Respondents offer no meaningful rebuttal to Petitioner's argument that it is unlikely he will be removed to Cuba in the near term. Importantly, Respondents have not proffered any travel documents or information reflecting the status of the government's request for or acquisition of travel documents.

Respondents inaptly argue that "under *Zadvydas v. Davis* [533 U.S. 678 (2001)], detention remains 'presumptively reasonable' for six months and may continue beyond that window where the noncitizen is dangerous or is unlikely to cooperate with their removal." (Doc. 7 at 2). First, *Zadvydas* does not control here. The petitioners in that case were subject to continuous, post-removal detention, whereas Petitioner here was released following his initial (albeit brief) period of post-removal detention – and was only re-detained long after the statutory post-removal detention period expired. Second, although Respondents assert in conclusory fashion that Petitioner "is unlikely to cooperate with removal," they offer no developed argument and no evidence in support of that assertion.

In short, even assuming Respondents properly revoked Petitioner's release due to his violation of terms of supervision, his detention has exceeded the regulatory maximum (six months) and Respondents have not identified any other permissible grounds for revoking release or continuing his detention. Under these circumstances, Petitioner is entitled to immediate release. *See Yan-Ling X.*, 813 F. Supp. 3d at 1167 ("immediate release is required to return [petitioner] to

the status quo ante"); *Pedro V.L.*, 2026 WL 2607611, at *1 ("Though the Court has concerns about Petitioner's criminal history, under these circumstances, binding Ninth Circuit authority directs that Petitioner be released subject to appropriate conditions) (*citing Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004)).[2]

**IV. Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED;
2. Respondents be ORDERED to release Petitioner immediately on the preexisting terms of supervision.
3. Respondents be PERMANENTLY ENJOINED AND RESTRAINED from re-detaining Petitioner unless and until (1) Petitioner violates any of the conditions of release, or (2) Respondents obtain a travel document for her removal, and unless and until they follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.
4. The Clerk of the Court be directed to serve the Golden State Annex Detention Center with a copy of this Order.
5. The Clerk of the Court be DIRECTED to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The

[2] Because the undersigned will recommend granting the petition, and given Respondents do not argue they seek to remove Petitioner to a third country other than Cuba, the undersigned declines to address Petitioner's third-country removal claims.

document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 2, 2026**

UNITED STATES MAGISTRATE JUDGE